**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1041-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RAYMOND S. WILLIAMS,
a/k/a RAYMOND WILLIAMS,

    Defendant-Appellant.

_____

Submitted March 11, 2025 – Decided July 11, 2025

Before Judges Gilson and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 19-04-0504.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the briefs).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Raymond S. Williams appeals from an October 30, 2023 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm the provision of the order denying his claim that his trial counsel was ineffective for failing to request a waiver of the mandatory sentence under the Graves Act, N.J.S.A. 2C:43-6(c). We reverse and remand for an evidentiary hearing on defendant's claim that his trial counsel was ineffective for failing to move to suppress seizure of a gun without a warrant.

I.

In April 2019, a grand jury indicted defendant on charges for second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1); fourth-degree certain persons not to possess a weapon, N.J.S.A. 2C:39-7(a); fourth-degree unlawful acquisition of a handgun by a person under twenty-one, N.J.S.A. 2C:58-6.1(a); and fourth-degree receipt of a defaced firearm, N.J.S.A. 2C:39-9(e).

At approximately 1:00 p.m. on October 28, 2018, police officers investigated a shooting near the intersection of Bramhall Avenue and Martin Luther King Avenue in Jersey City. During interviews, neither the victim nor his friend was able to identify the shooter. The officers obtained video

2

surveillance from the area, and subsequently initiated a search for the suspected shooter.

Around 3:08 p.m., officers were patrolling near Garfield Avenue and Skyline Drive when they observed defendant walking with an "exaggerated gait, while at the same time keeping his right arm extended and straight at his side with very little movement." Believing that defendant possessed a firearm, the officers pulled over and exited their unmarked car, displayed their badges, and ordered defendant to the ground on the driveway of defendant's home.

Defendant rolled over and reached toward his waist as one officer attempted to handcuff him. The second officer noticed a wooden object near defendant's waistband, which the officer immediately recognized as the grip of a handgun. After defendant was placed in handcuffs and searched, the officers recovered a .357 Magnum Ctg Revolver. Defendant, however, was not implicated in the shooting.

On October 10, 2019, pursuant to a negotiated plea, defendant pleaded guilty to second-degree unlawful possession of a handgun and the remaining charges were dismissed. During the plea hearing, defendant admitted to the unlawful possession of an operable handgun without a permit. He testified he understood there was mandatory incarceration because he possessed a handgun.

3

Relevant to this appeal, defendant also acknowledged that he reviewed the plea form with his attorney; his initials appeared on every page; and his signature was on the last two pages. He answered "yes" on the plea form and in response to the question by the court whether he was satisfied with the advice that he received from his lawyer. When asked by the court if he had questions, defendant replied: "No." The trial court accepted defendant's plea, finding he understood the plea agreement, there was a factual basis for the plea, and the plea was entered knowingly, voluntarily, and with the advice of competent counsel.

On March 6, 2020, pursuant to the plea agreement, defendant was sentenced to a five-year prison term with a mandatory forty-two-month parole ineligibility period as mandated by the Graves Act. The judgment of conviction was entered on March 11, 2020.

Defendant filed a direct appeal of his conviction and sentence. He later withdrew the appeal, which we dismissed. State v. Williams, No. A-1775-21 (App. Div. Sept. 16. 2022).

On November 10, 2022, defendant timely filed a self-represented PCR petition, asserting his counsel failed to file an appeal, and that he was "told" to

accept the guilty plea because it was the State's "last offer," even though this was his first Graves Act offense.

After PCR counsel was assigned, defendant filed a verified PCR petition, essentially asserting the same claims. He claimed that trial counsel "refused" to seek a Graves Act waiver; "refused" to pursue any motions; did not provide discovery; did not discuss the facts of the case in the police reports; did not have a factual debriefing conference; and did not discuss the motion to suppress.

On October 30, 2023, following oral argument, the PCR court denied defendant's PCR petition without an evidentiary hearing. In an eleven-page written opinion, the court reasoned defendant failed to satisfy the two-prong Strickland test.[1] As to defendant's claim that counsel failed to provide him with discovery before his guilty plea, the court explained that the plea transcript showed that defendant was satisfied with his attorney's services. The court further explained both the plea form and the plea allocution demonstrated that defendant spoke with his counsel about his case and plea. The court stated that it "struggle[d] to find that [d]efendant was forced to plead guilty without having reviewed discovery with his counsel."

---

[1] Strickland v. Washington, 466 U.S. 668 (1984).

A-1041-23

As to the motion to suppress, the court found there was no Fourth Amendment violation. The court explained that based on the totality of the circumstances, "the police officers had a 'reasonable and articulable suspicion' to believe [d]efendant was armed and could conduct a stop."

Lastly, in regard to the Graves Act waiver, the court determined that even if plea counsel had sought a waiver, defendant would have not automatically received a waiver. Additionally, after reviewing the plea and sentencing transcripts, the PCR court concluded there was no evidence that the State would have moved for a waiver.

II.

On appeal, defendant presents the following arguments for our consideration, which he articulates as follows:

> POINT I. THIS COURT SHOULD REVERSE THE PCR COURT'S DECISION TO DENY THE DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING ON THE ISSUE OF WHETHER THE DEFENDANT'S ATTORNEY SHOULD HAVE FILED A MOTION TO SUPPRESS EVIDENCE.
>
> POINT II. THIS COURT SHOULD REVERSE THE PCR COURT'S DECISION TO DENY THE DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING ON THE ISSUE OF WHETHER THE DEFENDANT'S ATTORNEY SHOULD HAVE REQUESTED A WAIVER OF THE GRAVES ACT.

A-1041-23

PCR serves the same function as a federal writ of habeas corpus. State v. Preciose, 129 N.J. 451, 459 (1992). We use a de novo standard of review when a PCR court does not conduct an evidentiary hearing. State v. Walker, 478 N.J. Super. 533, 560 (2024) (citing State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016)). A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

When petitioning for PCR, a defendant must establish he is entitled to "PCR by a preponderance of the evidence." State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014). To sustain this burden, the petitioner must allege and articulate specific facts, "which, if believed, would provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

To establish an ineffective assistance of counsel claim, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the

Strickland two-prong test in New Jersey). Under prong one, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness . . . ." State v. Alvarez, 473 N.J. Super. 448, 455 (App. Div. 2022) (quoting Strickland, 466 U.S. at 688) (internal quotation marks omitted).

Under prong two, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Ibid. (quoting Strickland, 466 U.S. at 694) (internal quotation marks omitted). It is insufficient for the defendant to show the errors "had some conceivable effect on the outcome." Strickland, 466 U.S. at 693. Ultimately, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691.

We first consider the defendant's claim that his trial counsel did not request a Graves Act waiver. Defendant argues that he would not have pled guilty had trial counsel reviewed the discovery with him and discussed a meritorious motion to suppress evidence. He further argues that he would have prevailed had the attorney filed a motion to suppress.

Having conducted a de novo review, we conclude defendant does not satisfy the first prong of the Strickland/Fritz test. The plea transcript shows that

defendant understood the terms of his plea were subject to the Graves Act. The transcript further demonstrates that there is no indication the State would have granted a waiver request, as the unlawful possession of firearm charge carried a mandatory sentence under the terms of the negotiated plea.

Further, defendant confirmed that he signed the plea forms and the supplemental plea form for Graves Act offenses. He also acknowledged that he understood the terms of the plea subjected him to the minimum term of incarceration under the Graves Act. Lastly, during the plea allocution, defendant told the court that he was satisfied with the services of trial counsel and did not raise the issue of the trial counsel's failure to request a Graves Act waiver.

The record establishes that defendant failed to establish trial counsel's representation fell below the objectively reasonable standard required under Strickland/Fritz. We therefore affirm the portion of the order denying defendant's PCR petition without an evidentiary hearing on the Graves Act issue. See Vanness, 474 N.J. Super. at 623.

However, we conclude the PCR court erred when it rejected defendant's ineffective assistance of counsel claim regarding the motion to suppress without holding an evidentiary hearing. Defendant set forth with specificity a prima

9

facie case in support of PCR regarding his motion to suppress claim. He argues that he would not have pled guilty if trial counsel had reviewed the discovery and discussed the meritorious motion to suppress the handgun with him. Defendant further argues that the "only articulable fact" the officer relied upon to detain him was that he walked "with an exaggerated gait, while at the same time keeping his right arm extended and straight at his side with little movement." Based on that lone fact, the officer believed defendant concealed a firearm on his person. He therefore contends that he would have prevailed had counsel filed a motion to suppress the evidence.

Here, the PCR court found that the officers did not commit a Fourth Amendment violation. The court's findings, however, were not based on the testimony of the officers, trial counsel, or defendant. In other words, the PCR court had no record on which it could make findings of facts related to the seizure of the gun. On this record, we are unable to determine whether there is sufficient support to determine if trial counsel was ineffective in not moving to suppress the seized gun. Therefore, we vacate the portion of the October 30, 2023 order regarding the motion to suppress and remand the matter for an evidentiary hearing limited to defendant's claim of ineffective assistance of

counsel for failing to move to suppress the warrantless seizure of a gun. We express no view on the merits of defendant's claim.

Affirm in part, reverse in part, and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

11